**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **SAYURI WARREN,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** |
| | § | **5:26-cv-1309** |
| | § | |
| **LINCOLN NATIONAL LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| **Defendant** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Lincoln National Life Insurance Company wrongfully denied Sayuri Warren's claim for long-term disability (LTD) benefits.

## PARTIES

1. Plaintiff Sayuri Warren is a resident of San Antonio, Bexar County, Texas.

2. Defendant Lincoln National Life Insurance Company is an insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

3. This lawsuit is a claim for disability benefits provided by an ERISA welfare benefit plan brought under 29 U.S.C. §1132(a)(1)(B). This court has

jurisdiction over this claim for disability benefits under 29 U.S.C. §1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. §1132(e)(2) as the breach of the obligation to pay LTD benefits to Warren under the group policy occurred in San Antonio, Bexar County, Texas.

## STATEMENT OF FACTS

4. Prior to becoming disabled, Warren worked as a customer complaint clerk for Apple Inc. By virtue of her employment, Warren had short-term disability (STD) and long-term disability (LTD) coverage under disability benefit plans offered to employees of Apple. The STD plan is administered by Sedgwick Claims Management Services Inc. The LTD group policy is underwritten and administered by Lincoln.

5. Warren began working for Apple in 2014. For years she was able to work full-time, even though she suffered bouts of pain and numbness from degenerative disc disease. However, as of September 17, 2024, primarily due to chronic pain, Warren could no longer perform her job duties for Apple. As of September 2024 she was diagnosed with cervical radiculopathy, lumbar radiculopathy, chronic pain syndrome, cervicalgia, intervertebral disc degeneration, other spondylosis with radiculopathy, lumbar region, major depressive disorder and generalized anxiety disorder.

6. Warren submitted a claim for STD benefits, which can be extended for a maximum period of 26 weeks. Sedgwick approved her claim for the maximum period, from September 17, 2024 until March 17, 2025.

7. Lincoln's LTD group policy is integrated with the STD plan. The LTD policy requires that a claimant be disabled for 26-weeks (the "elimination period") before LTD benefits are paid. In the Lincoln LTD policy under which Warren is insured, the definition of disability changes after 12 months of LTD payments. During the first 12 months, an 'own occupation" definition of disability is to be applied: an assessment of whether or not the claimant, due to illness or injury, is unable to perform the occupation that she performed before becoming disabled. After 12 months of LTD benefit payments, the definition of disability changes to an "any occupation" definition.

8. Despite the definition of disability in the LTD policy being approximately the same as the definition for STD benefits, an "own occupation" definition, Lincoln denied Warren's claim for LTD benefits, asserting that she was not disabled during the elimination period (from September 17, 2024 to March 17, 2025). In accordance with the requirements of ERISA, Lincoln sent a letter to Warren dated April 23, 2025, explaining its reasons for denying her claim. Lincoln relied upon the opinions of its paper review medical consultants in denying her claim. Lincoln's decision stands in direct contradiction to Sedgwick's determination that Warren was disabled during the LTD policy's elimination period.

9. Since conservative measures of physical therapy and epidural injections failed to alleviate the pain in her neck and the pain, numbness, and tingling running down her shoulders and arms caused by degenerative disease in her cervical spine, Warren underwent surgery on July 23, 2025: a C4-C7 Anterior Cervical Discectomy fusion surgery.

10. Warren timely appealed Lincoln's denial of benefits. On October 13, 2025, Warren submitted her appeal, providing additional medical records from her treatment providers, including records of her spinal fusion surgery. She also provided opinions from her treatment providers that she was disabled throughout the elimination period and remained disabled.

11. Nevertheless, despite this evidence, Lincoln upheld the denial of her LTD claim. In a letter dated November 20, 2025, Lincoln advised Warren that they were upholding the denial. Lincoln's appeals personnel relied upon hired medical consultants (different than those who originally reviewed her claim, as ERISA requires) who regularly conduct file reviews for Lincoln. The file reviewers ignored Warren's testimony and the testimony of her treatment providers. Lincoln's appeal denial advised Warren that her administrative right to review was exhausted; i.e. her claim was closed, and her only remaining option, if she didn't believe Lincoln's decision was correct, was to file suit under Section 502(a) of ERISA.

12. Warren was released by her physician to engage in part-time work for Apple beginning December 6, 2025. Although she is supposed to work five hours

per day, four days a week, she misses many days that she is scheduled to work due to pain and inflammation from her neck to her fingers. Medication does not alleviate the pain sufficiently for her to work on those days.

**Exhaustion of Appeal Requirements**

13. Warren exhausted the administrative appeal requirements of ERISA and the Lincoln LTD group policy and therefore has the right to bring this action.

**The Decision to Deny Warren's Claim for LTD Benefits Was Contrary to the Preponderance of the Evidence and Also Was an Abuse of Discretion**

14. Even if there is language in the policy or plan-related documents that is interpreted to grant Lincoln discretion to make benefit determinations under the group LTD policy, these discretionary provisions are unenforceable as to Warren's claim for LTD benefits because it is a violation of Texas law to seek enforcement of a discretionary clause in a disability policy against an insured living in Texas. Texas Insurance Code, §1701.062, and 28 Texas Administrative Code §§3.1201-3.1203. This anti-discretionary statute and its accompanying regulations are not preempted by ERISA.

15. The preponderance of the evidence shows that Warren was fully disabled from September 17, 2024 until December 6, 2025, and remains partially disabled. She is entitled to LTD benefits under the policy.

16. In the unlikely event that Lincoln is found to have retained its discretionary authority so that this matter is reviewed under an abuse of discretion

standard of review, Lincoln abused its discretion in denying Warren's claim for LTD benefits.

17. Lincoln's decision to deny Warren's claim for LTD benefits resulted in Lincoln saving money, as Lincoln is both the decision-maker and the underwriter of LTD benefits. As a result, Lincoln acted under a conflict of interest when it denied her claim. If abuse of discretion is determined to be the proper standard of review, this conflict of interest should be considered as a factor by this Court in determining whether Lincoln abused its discretion in denying Warren's claim for LTD benefits.

## CAUSE OF ACTION

### Claim for LTD Benefits from March 18, 2025 And Thereafter Under 29 U.S.C. §1132(a)(1)(B) of ERISA

18. Warren seeks to recover LTD benefits from March 18, 2025 to the present (and so long as this case is pending), under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA. Since she was fully disabled and remains partially disabled as those terms are defined within the LTD policy, Warren is entitled to LTD benefits and Lincoln is obligated to pay those benefits under the LTD group policy.

19. The policy provides benefits for partial disability. Partial disability applies to claimants who return to work but are unable to earn at least 80% of their pre-disability earnings as a result of injury or sickness. Since her return to work in December 2025, Warren earns less than 50% of her pre-disability earnings due to

her impairments. She is entitled to partial disability benefits under the policy. There is a work incentive clause within the policy that provides that for the first 24 months of partial disability the benefit paid will be the full disability benefit, so long as the sum of the disability benefit and the claimant's reduced earnings don't exceed her pre-disability earnings. If the sum of the reduced earnings and the disability benefit exceed a claimant's pre-disability earnings, then for the first 24 months of partial disability the benefit will be reduced so that the sum of the disability benefit and the claimant's reduced earnings equal the claimant's pre-disability earnings. Since Warren earns less than 50% of her pre-disability earnings due to her impairments, she remains entitled to the full disability benefit.

## RELIEF REQUESTED

20. Lincoln owes Warren $2,350.00 per month under the group policy beginning March 18, 2025 (50% of her pre-disability pay). As of August 18, 2026, she is entitled to the sum of $39,950.00 in back benefits ($2,350.00 x 17 months). Warren requests these back benefits as well as additional monthly benefits that accrue after August 18, 2026 but during the pendency of this litigation at the rate of $2,350.00 per month.

## ATTORNEY'S FEES

21. Warren requests her attorney's fees and costs under 29 U.S.C.A. 1132(g).

## CONCLUSION

Warren requests back LTD benefits in the amount of $39,950.00, plus monthly disability benefits that accrue after August 18, 2026 but while this case is pending at the rate of $2,350.00 per month. She also requests her attorney's fees, pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which she may show herself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Commerce Building
314 E. Commerce, Suite 300
San Antonio, Texas 78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By: *__/s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff Sayuri Warren**