UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**
March 13, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: CM
DEPUTY

| | | |
|---|---|---|
| SAYURI WARREN,<br><br>Plaintiff,<br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:26-CV-01309-MA |

**ORDER FOR CONFERENCE**
**AND**
**DISCLOSURE OF INTERESTED PARTIES**

The Court now considers the transfer of this case.

1. So that this Court may more efficiently manage its docket, the parties are hereby **ORDERED** to notify the Court whether they consent, under 28 U.S.C. § 636(c), to Magistrate Judge jurisdiction. Therefore, within **thirty (30) days** of the appearance of any Defendant, each party shall sign the attached form to be filed with the Clerk's Office.

2. In accordance with Local Rule CV-16 and FED.R.CIV.P. 26(f), the parties shall confer and thereafter submit a Joint Discovery/Case Management Plan containing the information required on the attached form by **May 5, 2026**. In the event all Defendants have not yet been served, Plaintiff shall explain why. If any Defendant has been served and the time for appearance has not yet elapsed, Plaintiff must request an extension. If any Defendant has been served and has not timely appeared, Plaintiff must explain its plan for proceeding.

3. In addition, if this Court's jurisdiction is based on diversity, the parties shall timely file a Disclosure of Citizenship as required by FED.R.CIV.P. 7.1(a)(2).

4. FED.R.CIV.P. 4(m) requires defendant(s) to be served within 90 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 90 days after the filing of the complaint may result in dismissal of this action by the court of its own initiative.

5. Plaintiff, or the party who removed this action, must provide all other parties with a copy of this order and a copy of every item included in this packet. These papers shall be served contemporaneously with the summons and complaint, if service has not yet been effectuated.

6. Upon receipt of the Joint Discovery/Case Management Plan, the Court will enter a scheduling order.

7. Failure to comply with the provisions of FED.R.CIV.P. 26(f) and/or this order may result in sanctions being imposed against counsel personally and/or dismissal of the action and assessment of fees and costs.

8. A person litigating *pro se* is bound by the requirements imposed upon counsel in this Order.

This Order and Advisory supersedes any earlier Order and Advisory issued in this matter.

IT IS SO ORDERED.

DONE this 13th day of March, 2026, in San Antonio, Texas.

MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ______________________, Plaintiff(s) | § | |
| | § | CIVIL ACTION NO. ________________ |
| ______________________, Defendant(s) | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER FRCP 26(f)**

[Please restate the instruction in **bold** before furnishing the information.]

1. State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.
2. State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.
3. List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.
4. Briefly describe what this case is about.
5. Specify the allegation of federal jurisdiction.
6. Name the parties who disagree with the jurisdictional allegations and state their reasons.
7. List anticipated additional parties that should be included, when they can be added, and which party desires their inclusion.
8. List anticipated interventions.
9. Describe any class−action issues.
10. Describe the discovery plan proposed by the parties, including:

    A. What changes should be made in the timing, form or requirement for disclosures under Rule 26(a);
    B. When and to whom the plaintiff anticipates it may send interrogatories;
    C. When and to whom the defendant anticipates it may send interrogatories;
    D. Of whom and by when the plaintiff anticipates taking oral depositions;
    E. Of whom and by when the defendant anticipates taking oral depositions;
    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports;

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report);

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report); and

I. All other matters raised in Rule 26(f).

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

13. State the date the planned discovery can reasonably be completed.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

17. State whether a jury demand has been made and if it was made on time.

18. Specify the number of hours it will take to present the evidence in this case.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

20. List other motions pending.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

22. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.

23. List the names, bar numbers, addresses, and telephone numbers of all counsel.

| | |
|---|---|
| ______________________________ | ______________________________ |
| Counsel for Plaintiff(s) | Date |
| ______________________________ | ______________________________ |
| Counsel for Defendant(s) | Date |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No. |
| | § | |
| | § | |
| *Defendant* | § | |

**PLAINTIFF'S ADVISORY TO THE CLERK OF COURT**

Plaintiff in the above-captioned case elects as follows (please select only one of the following options):

☐ I consent to proceed before a United States Magistrate Judge in accordance with provisions of Title 28 U.S.C. Section 636. Plaintiff in the above-captioned case waives the right to proceed before a United States District Judge and consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including rendering a decision, and to order the entry of final judgment. Any appeal shall be taken to the United States Court of Appeals for the Fifth Circuit in accordance with Title 28 U.S.C. Section 636(c)(3).

☐ I do **not** consent to proceed before a United States Magistrate Judge. Plaintiff in the above-captioned case elects **not** to have this case decided by a United States Magistrate Judge and prefers that this case proceed before the United States District Judge.

______________________________________
Plaintiff's Name

By: __________________________________
Signed by Attorney

Date

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No. |
| | § | |
| | § | |
| *Defendant* | § | |

**DEFENDANT'S ADVISORY TO THE CLERK OF COURT**

Defendant in the above-captioned case elects as follows (please select only one of the following options):

☐ I consent to proceed before a United States Magistrate Judge in accordance with provisions of Title 28 U.S.C. Section 636. Defendant in the above-captioned case waives the right to proceed before a United States District Judge and consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including rendering a decision, and to order the entry of final judgment. Any appeal shall be taken to the United States Court of Appeals for the Fifth Circuit in accordance with Title 28 U.S.C. Section 636(c)(3).

☐ I do **not** consent to proceed before a United States Magistrate Judge. Defendant in the above-captioned case elects **not** to have this case decided by a United States Magistrate Judge and prefers that this case proceed before the United States District Judge.

________________________________________
Defendant's Name

By: ____________________________________
Signed by Attorney

Date