**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **SAYURI WARREN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 5:26-CV-01309** |
| **LINCOLN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Original Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Sayuri Warren ("Plaintiff"), and states as follows:

Lincoln admits that Plaintiff submitted a claim for benefits from the Apple Inc. Long Term Disability Plan (the "LTD Plan"). Lincoln further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan was evaluated by Lincoln and that such decisions are governed by the terms of the Group Disability Income Policy No. GF3-810-B72V5F-01 (the "Policy") issued by Lincoln to Apple Inc. ("Apple"). Lincoln denies all remaining allegations contained in the introductory paragraph of the Complaint.

**PARTIES**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits the allegations contained in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Lincoln admits that the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974 ("ERISA"). Lincoln admits that venue is proper in this District and Division. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

**STATEMENT OF FACTS**

4. Lincoln admits that Plaintiff was, at certain times, employed by Apple as a Customer Service AHA S2 and was a participant in the Short Term Disability Plan (the "STD Plan") and the LTD Plan sponsored by Apple. Lincoln admits that Sedgwick Claims Management Services Inc. ("Sedgwick") was the claims administrator of the STD Plan. Lincoln admits that it issued the Policy to Apple, which Policy, at certain times, insured benefits paid by the LTD Plan and that Lincoln was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln specifically denies that it was the Plan Administrator of the STD Plan or the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that Plaintiff was, at certain times, employed by Apple. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff's last day of work at Apple was September 16, 2024. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. To the extent that the allegations contained in Paragraph 7 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. To the extent that the allegations contained in Paragraph 8 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln admits that it sent a letter dated April 23, 2025, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that it received a letter from Plaintiff's counsel dated October 13, 2025, along with additional documentation, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that it sent letters dated November 20, 2025, and December 5, 2025, to Plaintiff's counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C.

§ 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln is without sufficient information to either admit or deny the allegations regarding Plaintiff's part-time work schedule. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. To the extent that Paragraph 14 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. To the extent that Paragraph 15 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. To the extent that Paragraph 16 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that benefits from the LTD Plan were, at certain times, insured by the Policy issued by Lincoln to Apple. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

## CAUSES OF ACTION

18. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, and Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. To the extent that the allegations contained in Paragraph 19 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln is without sufficient information to either admit or deny the allegations regarding Plaintiff's part-time work income. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

## RELIEF REQUESTED

20. To the extent that the allegations contained in Paragraph 20 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, and Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

## ATTORNEY'S FEES

21. Lincoln admits that by this action, Plaintiff is seeking recovery of attorneys' fees and costs, and Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

Lincoln denies all allegations contained in the Prayer of the Complaint, and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke this standard of review.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of any award of other income or benefits received by Plaintiff, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated: April 28, 2026.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

**BY:** /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
Email: iwana@rademaekerslaw.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Jeffrey E. Dahl, Esq.
Email: jdahl@erisaattorneyintexas.com

April 28, 2026 — /s/ Iwana Rademaekers
Date — Iwana Rademaekers