**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **SAYURI WARREN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 5:26-CV-01309** |
| **LINCOLN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER FRCP 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

Counsel for the parties conferred via telephone on May 5, 2026. The following counsel attended the conference:

**For the Plaintiff:**
Jeffrey E. Dahl
State Bar No. 05310900
Law Office of Jeffrey E. Dahl
The Commerce Building
314 E. Commerce, Suite 300
San Antonio, Texas 78205
(210) 527-0900
(210) 527-0901 (telecopy)
jdahl@erisaattorneyintexas.com

**For Defendant:**
Iwana Rademaekers
State Bar of Texas No. 16452560
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

2. **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties agree that this case is exempt from the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(B) because this is an action for review on an administrative record. In lieu of Fed. R. Civ. P. 26(a)(1)(B) disclosures, Defendant will produce the Administrative Record to Plaintiff, in pdf format, on or before May 29, 2026.

3. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

None.

**4. Briefly describe what this case is about.**

**Plaintiff's Statement:** Plaintiff sues under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), to recover additional long-term disability ("LTD") benefits under an employee welfare benefit plan established and maintained by her former employer Apple, Inc. (the "Plan"). Through a group policy of insurance, Lincoln funds LTD benefits payable under the Plan and provides certain claims administrative services. Lincoln notified Plaintiff of its determination that Plaintiff did not meet the definition of "totally disabled" under the terms of the Plan, and therefore, her LTD benefits were denied. Plaintiff disputes that determination and seeks to recovery LTD benefits.

**Defendant's Statement:** Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the abuse of discretion standard, and the decision reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. Alternatively, any recovery by Plaintiff must be reduced by other income earned by Plaintiff, including income from the Social Security Administration.

**5. Specify the allegation of federal jurisdiction.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1332(e) and (f).

**6. Name the parties who disagree with the jurisdictional allegations and state their reasons.**

None.

**7. List anticipated additional parties that should be included, when they can be added, and which party desires their inclusion.**

None at this time.

**8. List anticipated interventions.**

None at this time.

**9. Describe class-action issues.**

None at this time.

**10. Describe the discovery plan proposed by the parties, including:**

A. **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a).**

Since this is an ERISA matter, the Parties agree that the Court's review is limited to the administrative record at the time Lincoln made its final decision. As such, after Lincoln produces the administrative record to Plaintiff, the Parties do not anticipate

any discovery beyond the administrative record. Once the Parties agree on the contents of the administrative record, the Parties respectfully submit that they should brief the issues for the Court. After the briefing is closed, the Parties agree that the Court can decide this matter based on the Parties' written submissions and the contents of the administrative record pursuant to FED. R. CIV. P. 52.

B. **When and to whom the plaintiff anticipates it may send interrogatories.**

Neither party anticipates discovery, and the parties request entry of a specialized schedule, as noted in subsection I below.

C. **When and to whom the defendant anticipates it may send interrogatories.**

Neither party anticipates discovery, and the parties request entry of a specialized schedule, as noted in subsection I below.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Neither party anticipates discovery, and the parties request entry of a specialized schedule, as noted in subsection I below.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Neither party anticipates discovery, and the parties request entry of a specialized schedule, as noted in subsection I below.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate response experts and provide their reports.**

Neither party anticipates designating experts, and the parties request entry of a specialized schedule, as noted in subsection I below.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Neither party anticipates designating experts, and the parties request entry of a specialized schedule, as noted in subsection I below.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Neither party anticipates designating experts, and the parties request entry of a specialized schedule, as noted in subsection I below.

I. **All other matters raised in Rule 26(f).**

Counsel for the parties suggests that given the nature of the claims, this matter may be resolved via cross-motions for judgment in accordance with a briefing schedule set by the Court. Accordingly, the parties suggest the following schedule:

Defendant shall file the administrative record on or before August 28, 2026.

The parties shall each file an opening brief on or before October 2, 2026.

The parties shall each file a response brief on or before October 30, 2026.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

Not applicable.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.**

The parties have discussed settlement offers and negotiations are ongoing.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

See response to paragraph 14.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties believe that non-binding mediation is an appropriate alternative dispute resolution method for resolving this matter if their discussions are not successful. The Parties believe mediation will be most effective after the completion of discovery and prior to the dispositive motion deadline.

**17. State whether a jury demand has been made and if it was made on time.**

No jury demand was made.

**18. Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate that the case will be submitted to the Court on cross-motions for judgment, as set forth in paragraph 10(I).

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**20. List other pending motions.**

None.

**21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None at this time.

**22. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

As an individual, Plaintiff is not required to file a Disclosure Statement. Defendant filed its Disclosure Statement on or about April 28, 2026.

**23. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**For the Plaintiff:**
Jeffrey E. Dahl
State Bar No. 05310900
Law Office of Jeffrey E. Dahl
The Commerce Building
314 E. Commerce, Suite 300
San Antonio, Texas 78205
(210) 527-0900
(210) 527-0901 (telecopy)
jdahl@erisaattorneyintexas.com

**For the Defendant**
Iwana Rademaekers
State Bar of Texas No. 16452560
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

Dated: May 6, 2026

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

**BY:** /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
Email: iwana@rademaekerslaw.com

**ATTORNEYS FOR DEFENDANT**

**- And -**

**LAW OFFICE OF JEFFREY E. DAHL**
The Commerce Building
314 E. Commerce, Suite 300
San Antonio, Texas 78205
(210) 527-0900
(210) 527-0901 (telecopy)

**By:** */s/ Jeffrey E. Dahl*
Jeffrey E. Dahl
State Bar No. 05310900
jdahl@erisaattorneyintexas.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Jeffrey E. Dahl, Esq.
Email: jdahl@erisaattorneyintexas.com

May 6, 2026 /s/ Iwana Rademaekers
Iwana Rademaekers