UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**
May 28, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: CM
DEPUTY

| | | |
|---|---|---|
| SAYURI WARREN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 5:26-CV-01309-MA |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

# ORDER

The Court now considers the parties' Joint Discovery/Case Management Plan.[1]

This is an action under ERISA, 29 U.S.C. § 1132(a)(1)(B), to recover long-term disability benefits. Plaintiff Sayuri Warren seeks benefits allegedly due under the terms of an employee welfare benefit plan following Defendant Lincoln National Life insurance Company's denial of her claim.[2]

After reviewing the parties' plan, the Court hereby enters this scheduling order under Federal Rule of Civil Procedure 16(b)(1)(A) in lieu of holding an initial pretrial and scheduling conference. This case-specific scheduling order controls disposition of this action pending further order of the Court. Accordingly, the following actions shall be completed by the dates indicated:

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline for Plaintiff to file a motion seeking leave to amend pleadings; or to join parties | June 29, 2026 |
| Deadline for Defendant to file a motion (1) to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a); (2) seeking leave to amend pleadings; or (3) to join parties | July 13, 2026 |
| Deadline to complete any discovery (see below) and for Defendant to file the administrative record. Written discovery requests are not timely if they are served so | August 28, 2026 |

[1] Dkt. No. 10.
[2] Dkt. No. 1, at 1–6.

| | |
|---|---|
| close to this deadline that, under the Federal Rules of Civil Procedure, the response would not be due until after the deadline. | |
| Alternative Dispute Resolution/Mediation deadline | September 11, 2026 |
| Rule 88 Report deadline | September 18, 2026 |
| Deadline to file motions for judgment on the administrative record (and any other dispositive motions) | October 2, 2026 |
| Deadline to file responses to motions for judgment on the administrative record | October 30, 2026 |

Consistent with Fifth Circuit ERISA precedent, discovery, if any, will be narrowly confined to matters permitted under applicable law, such as interpretive evidence about a plan or relevant medical evidence,[3] and may not be conducted absent prior leave of Court. Any party seeking such discovery must file an appropriate motion identifying the specific discovery requested and the legal basis for permitting it.

The Court will determine whether oral argument is necessary based on the parties' briefs. If the Court sets oral argument, it will issue a separate notice specifying the date and time.

This scheduling order supersedes any earlier scheduling order, is binding on all parties, and shall not be modified except by leave of Court upon showing of good cause.[4] All other deadlines not specifically set out in this scheduling order will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

IT IS SO ORDERED.

DONE this 28th day of May, 2026, in San Antonio, Texas.

MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] *See*, e.g., *Bunner v. Dearborn Nat'l Life Ins. Co.*, 37 F.4th 267, 277 (5th Cir. 2022) (citing *Crosby v. Louisiana Health Services & Indemnity Co.*, 647 F.3d 258 (5th Cir. 2011) (citing *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287 (5th Cir. 1999) (en banc), *abrogated on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008))).

[4] *See* FED. R. CIV. P. 16(b)(4); 6A ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 1998 & Supp. Oct. 2020).